# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE DIXON,<br><br>            Plaintiff,<br><br>     v.<br><br>VALLEY STATE PRISON, et al.,<br><br>            Defendants. | Case No. 1:15-cv-00193-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

Plaintiff Arthur Lee Dixon ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.[1]

On February 5, 2015, the Court issued new case documents to Plaintiff. On March 2, 2015, the documents were returned by the United States Postal Services as "Undeliverable, Names & CDC Do Not Match." On February 6, 2015, the Court issued an order directing Plaintiff to submit an application to proceed in forma pauperis, or pay the filing fee. On March 2, 2015, the order was returned by the United States Postal Service as "Undeliverable, Inactive."

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 28, 2015.

1

prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due by May 4, 2015, but he failed to file one and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 2015, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

///

///

///

///

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Accordingly, this action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **May 13, 2015**                              /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE